KIM E. RICHMAN
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
krichman@reeserichman.com
212-643-0500 (telephone)
212-253-4272 (facsimile)

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARLOS MOTA and ROBERTO RAMIREZ<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NEW YORK, OFFICER THOMAS DEMKIW (Shield # 25767), SERGEANT JOHN ADORNO (Shield # 1330), and OFFICERS "JOHN DOE" #1 through #15, individually and in their official capacities, (the names "John Doe" being fictitious, as the true names of these individuals are presently unknown),<br><br>Defendants. | **FIRST AMENDED COMPLAINT**<br><br>1:13-cv-07915-RMB<br><br>Jury Trial Demanded |

Plaintiffs Carlos Mota and Roberto Ramirez, by their attorneys, Reese Richman LLP, complaining of the Defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

Plaintiffs bring this action for damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for the wrongful acts of Defendants CITY OF NEW YORK, OFFICER THOMAS

1

DEMKIW (Shield # 25767), SERGEANT JOHN ADORNO (Shield # 1330), and OFFICERS "JOHN DOE" #1 through #15, individually and in their official capacities, (the names "John Doe" being fictitious, as the true names of these individuals are presently unknown), as Officers of the New York City Police Department and other agencies of the City of New York, all acting under color of state law and pursuant to their authority, in violation of Plaintiffs' rights under the Constitution and laws of the Unites States and of the State of New York.

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

3. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as to any and all of Plaintiffs' claims arising under New York state law as such claims share a common nucleus of operative facts with Plaintiffs' federal claims herein.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiffs CARLOS MOTA and ROBERTO RAMIREZ are young Hispanic males and were at all relevant times residents of the borough of the Bronx in Bronx County and the State of New York.

7. Defendant CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York.  Defendant CITY operates, manages, directs and controls the New York City Police Department ("NYPD") and other municipal agencies and departments, which are responsible for carrying out law enforcement activities under color of state law.

8. Defendant OFFICER THOMAS DEMKIW (Shield # 25767), Defendant SERGEANT JOHN ADORNO (Shield # 1330), and Defendant OFFICERS "JOHN DOE" #1 through #15 are and were at all relevant times police or correction officers, supervisors, and/or policymakers employed by Defendant CITY with the NYPD and/or other CITY agencies and acting under color of state law.

9. At all times relevant hereto and in all their actions alleged herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its agencies and departments, including the NYPD, and pursuant to their authority as employees, servants and agents of the NYPD, and/or other agencies, and within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and law enforcement officers.

10. Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of officers, supervisors, and employees within its agencies, including the NYPD and/or other agencies which employed the Defendants herein.

**FACTS**

11. This action stems from an unlawful stop and frisk, arrest, and malicious prosecution of Plaintiffs Carlos Mota and Roberto Ramirez, which were undertaken in the absence of reasonable suspicion or probable cause. This action also stems from Plaintiffs' routine harassment by officers from NYPD 43rd and 46th Precinct who routinely stop and frisk, and arrest Plaintiffs, without cause to do so, particularly due to their minority status and male gender.

12. On or about the morning of August 30, 2012, Plaintiffs Carlos Mota and Plaintiff Roberto Ramirez, were lawfully at or near 1755 Weeks Avenue in Bronx County, New York.

13. During this time Plaintiffs witnessed Defendant NYPD officers from the NYPD 43rd and/or 46th Precinct arrest a neighbor.

14. Subsequently, Plaintiffs Mota and Ramirez went to the arrested neighbor's residence at or near 1755 Weeks Avenue to notify the arrestee's family.

15. After Plaintiffs Mota and Ramirez left the residence, Defendant Officers, including Officer Thomas Demkiw, without probable cause, reasonable suspicion or any other justification, surrounded and stopped Plaintiffs Mota and Ramirez and then handcuffed Plaintiffs.

16. Defendant Officers, still without cause, frisked Plaintiffs Mota and Ramirez and found no contraband on Plaintiffs' persons or in plain-view in the vicinity of Plaintiffs.

17. Nonetheless, Plaintiffs Mota and Ramirez were taken to an NYPD van, where Plaintiffs were unlawfully arrested. Plaintiffs asked why they were being arrested and were given no reason. Plaintiffs overheard another Defendant NYPD transport officer state that the officers "only need two more [arrests]." Then, despite a complete lack of probable cause, Defendant Officers, including Defendant Office Thomas Demkiw, arrested Plaintiffs and took Plaintiffs to the 46th Precinct.

18. When Plaintiffs arrived at the precinct, Defendant Officer John Doe #1 approached Plaintiffs' arresting Defendant Officers and told those officers in the presence of Plaintiffs to "Go hard" on Plaintiffs and to make sure that Plaintiffs cooperated or Plaintiff Mota "would never be able to be with his kid again."

19. While at the 46th Precinct, Defendant Officers took Plaintiffs, individually, into the bathroom and strip-searched each Plaintiff. Once again, Defendant Officers failed to find any contraband on Plaintiffs.

20. Shortly thereafter, Defendant Officers, although there was no probable cause to believe that criminal charges against Plaintiffs could succeed, issued legal process against Plaintiffs in the form of Criminal Complaints.

21. Plaintiffs were then transported and confined at Bronx Central Booking. Fifteen (15) hours and twenty-nine (29) minutes had passed before each Plaintiff was released.

22. Plaintiff Mota was arraigned under Docket number 2012BX050298 and was charged with several drug related offenses.[1] Plaintiff Ramirez was arraigned under docket number 2012BX050299 and was also charged with several drug related offenses.[2] Both arraignments were based on false allegations made by Defendant officers that were later contained in the accusatory instruments.

23. Plaintiffs Mota and Ramirez were required to defend baseless charges against them, appearing numerous times in criminal court, until all charges were dismissed in their entirey in favor of each Plaintiff.

---

[1] Plaintiff Mota was charged with the following: NYPL 220.39 Criminal sale of a controlled substance in the third degree; NYPL 220.16 Criminal possession of a controlled substance in the third degree; 220.03 Criminal possession of a controlled substance in the seventh degree.

[2] Plaintiff Ramirez was charged with the following: NYPL 220.39 Criminal sale of a controlled substance in the third degree; NYPL 220.16 Criminal possession of a controlled substance in the third degree; 220.03 Criminal possession of a controlled substance in the seventh degree.

24. On or about February 20, 2013 Plaintiffs charges were dismissed in the Criminal Court of The City of New York, County of Bronx. Plaintiff Mota's Certificate of Disposition is numbered 166574. Plaintiff Ramirez's Certificate of Disposition is numbered 118374.

25. As a result of the aforementioned violations of their civil rights, Plaintiffs were subjected to the humiliation and emotional distress of being arrested, searched and led away in full public view in front of their peers, confinement for many hours, and the stigma of being prosecuted for several crimes, including two felonies, all of which resulted in damage to their esteem and reputation within the community.

26. Additionally, due to Plaintiff Mota's arrest, his probation release date was moved back several more months, causing him to experience significant emotional distress.

27. Plaintiff Mota filed a Notice of Claim with Defendant CITY Comptroller in or about April of 2013. Plaintiff Mota's Notice of Claim was assigned number 2013PI010746.

28. Plaintiff Ramirez filed a Notice of Claim with Defendant CITY Comptroller in or about May of 2013. Plaintiff Ramirez's Notice of Claim was assigned number 2013PI012106.

29. At least thirty (30) days have elapsed since Plaintiffs' Notice of Claims were filed and no payment or adjustment thereof has been made.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

30. Plaintiffs CARLOS MOTA and ROBERTO RAMIREZ repeat and re-allege each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

32. All of the aforementioned acts by Defendants deprived Plaintiffs of the rights, privileges and immunities guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, said violations being actionable under 42 U.S.C. § 1983.

33. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, with the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, violated Plaintiffs' civil rights; these violations were driven and motivated by, reflective of and carried out pursuant to a custom, usage, practice, procedure or rule of Defendant CITY, which is forbidden by the Constitution of the United States.

36. By these actions, these Defendants have deprived Plaintiffs of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

**SECOND CLAIM FOR RELIEF:**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

37. Plaintiffs CARLOS MOTA and ROBERTO RAMIREZ repeat and re-allege each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

38. As a result of Defendants' aforementioned conduct, Plaintiffs were subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

39. The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiffs to an award of punitive damages.

40. As a result of the foregoing, Plaintiffs' liberty was restricted for an extended period of time and Plaintiffs were at all times aware of their confinement. Plaintiffs were put in fear for their safety and subjected to handcuffing and other physical restraints, without probable cause.

41. As a result of their false arrests, Plaintiffs were subjected to humiliation, ridicule and disgrace before their neighbors and peers.  Plaintiffs were discredited in the minds of many members of the community.

## THIRD CLAIM FOR RELIEF:
## NEGLIGENCE

42. Plaintiffs CARLOS MOTA and ROBERTO RAMIREZ repeat and re-allege each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

43. Defendants had a legal duty to Plaintiffs, including the duty to act reasonably and the duty to Plaintiffs to not violate their civil rights.

44. Defendants' actions in unlawfully arresting Plaintiffs, unlawfully depriving Plaintiffs of liberty and property, among other acts against Plaintiffs constituted a breach of Defendants' duty.

45. As a consequence of Defendants' actions as described herein, Plaintiffs suffered a

deprivation of their civil rights, deprivation of property and suffering, and has been otherwise injured.

46. Defendants' actions herein inflicted emotional distress upon Plaintiffs.

47. Defendants' actions were the direct and proximate cause of the harm to Plaintiffs.

48. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

## FOURTH CLAIM FOR RELIEF:
## UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF THE NEW YORK CONSTITUTION

49. Plaintiffs CARLOS MOTA and ROBERTO RAMIREZ repeat and re-allege each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

50. Defendants' acts and omissions were a direct and proximate result of Plaintiffs and deprivation of their rights under Article I, Section 12 of the New York Constitution to be secure in their person and effects, against unreasonable searches and seizures, without probable cause or reasonable suspicion.

51. The unlawful searches, detainments, false arrests, and false imprisonments of Plaintiffs were the direct and proximate result of a policy or practice of the City.

52. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

## FIFTH CLAIM FOR RELIEF:
## FALSE ARREST AND IMPRISONMENT IN VIOLATION OF NEW YORK COMMON LAW

53. Plaintiffs CARLOS MOTA and ROBERTO RAMIREZ repeat and re-allege each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

54. Plaintiffs were detained and imprisoned in the absence of probable cause or

reasonable suspicion, were aware at all times aware of their confinement, and the arrest and confinement were not privileged or excused.

55. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiffs have been deprived of their rights under New York law to be free from false arrest and false imprisonment.

56. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

### SIXTH CLAIM FOR RELIEF: MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

57. Plaintiff CARLOS MOTA and ROBERTO RAMIREZ repeat and re-allege each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

58. Defendants employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiffs to forbear them of liberty and the lawful use of property.

59. Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiffs to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, and prosecution.

60. Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent to improve the stop and frisk and arrest numbers of the NYPD, among other collateral objectives. This abuse of power is outside of and contrary to the legitimate use of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiffs for whom there is no reasonable suspicion or probable cause as to any alleged criminal activity.

61. As a result of Defendants' unlawful acts, Plaintiffs suffered numerous violations of their constitutional rights, including deprivation of liberty following their arrest.

### SEVENTH CLAIM FOR RELIEF:
### MALICIOUS ABUSE OF PROCESS UNDER NEW YORK COMMON LAW

62. Plaintiffs CARLOS MOTA and ROBERTO RAMIREZ repeat and re-allege each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

63. Defendants employed regularly issued legal process against Plaintiffs to forbear them of liberty and the lawful use of property.

64. Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiffs to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, and prosecution.

65. Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process.

66. Defendants' abuse of power is outside of and contrary to the legitimate of the law enforcement and criminal justice processes.

67. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

### EIGHTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

68. Plaintiffs CARLOS MOTA and ROBERTO RAMIREZ repeat and re-allege each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

11

69. Defendants initiated criminal proceedings against Plaintiffs without probable cause or reason to believe that the criminal charges against him could succeed and with actual malice, thereby causing Plaintiffs to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

70. The criminal charges against Plaintiffs were terminated in their favor.

71. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

72. Defendants' unlawful prosecution of Plaintiffs without probable cause and denial of associated due process rights, as described herein, violated Plaintiffs' rights under the Constitution, for which Defendants are individually liable.

73. As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiffs were subjected to humiliation, ridicule, and disgrace before their neighbors and peers.  Further, as a result of Defendants' unlawful acts, Plaintiffs were discredited in the minds of many members of the community.

## NINTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION IN VIOLATION OF NEW YORK COMMON LAW

74. Plaintiffs CARLOS MOTA and ROBERTO RAMIREZ repeat and re-allege each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

75. Defendants charged Plaintiffs with violating New York laws falsely, maliciously, in bad faith, and without probable cause.

76. Plaintiffs suffered a deprivation of liberty in connection with their prosecution.

77. The prosecution of Plaintiffs were terminated in their favor.

78. The Defendants' actions violated Plaintiffs' rights under New York state law to be free from malicious prosecution.

79. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

**TENTH CLAIM FOR RELIEF**
**EQUAL PROTECTION**

80. Plaintiffs CARLOS MOTA and ROBERTO RAMIREZ repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference as if fully stated herein.

81. Defendants unlawfully singled out Plaintiffs and violated their Fourth, Fifth, and Fourteenth Amendments, in part because of their race and gender.

82. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

83. As a result of Defendants' unlawful acts, Plaintiffs were subjected to and continues to experience humiliation, ridicule, and disgrace before their family and peers, confinement, pain and suffering, embarrassment and emotional distress.  Further, as a result of Defendants' unlawful acts, Plaintiffs were further discredited in the minds of many members of the community.

**ELEVENTH CLAIM FOR RELIEF:**
**ILLEGAL STOP AND FRISK UNDER 42 U.S.C. § 1983**

84. Plaintiffs CARLOS MOTA and ROBERTO RAMIREZ repeat and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

85. As a result of Defendants' aforementioned conduct, Plaintiffs were subject to an illegal and improper stop and frisk by Defendants without any reasonable suspicion of criminality or other constitutionally required grounds. Moreover this stop, frisk and the above-alleged arrest were the result of racial and/or national origin profiling.

86. As a direct and proximate result of such acts, Defendants deprived Plaintiffs of their Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

87. As a direct and proximate result of those constitutional abuses, Plaintiffs suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

88. The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiffs to an award of punitive damages.

## TWELFTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE

89. Plaintiffs CARLOS MOTA and ROBERTO RAMIREZ repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference as if fully stated herein.

90. Those defendants that were present during the time when Plaintiffs constitutional rights were violated, but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

91. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments.

92. As a direct and proximate result of this unlawful conduct, Plaintiffs were subjected to humiliation, ridicule, and disgrace before their family and peers, confinement, pain and suffering, embarrassment and emotional distress.

### THIRTEEN CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

93. Plaintiffs CARLOS MOTA and ROBERTO RAMIREZ repeat and re-allege each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

94. Defendants searched, seized and prosecuted Plaintiffs despite a complete lack of cause against them, notwithstanding their knowledge that such actions would jeopardize Plaintiffs' liberty, well-being, safety and constitutional rights.

95. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers and officials, with the entire actual and/or apparent authority attendant thereto.

96. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant CITY and its agencies, including the NYPD, all under the supervision of ranking officers of said department.

97. The aforementioned customs, policies, usages, practices, procedures and Defendant CITY include discriminating against and detaining minority individuals without reasonable suspicion or having probable cause as to each individual and without evidence of each individual's criminal activity and conducting intrusive body searches without individual particularized suspicion or other justification, detaining and prosecuting minority males without

reasonable suspicion or having probable cause as to each individual and without evidence of each individual's criminal activity, arresting persons known to be innocent in order to meet "productivity goals", falsely swearing out criminal complaints, and/or lying and committing perjury during sworn testimony to protect other officers and meet productivity goals.

98. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs.

99. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiffs' constitutional rights.

100. Defendant CITY, as municipal policymaker in the training and supervision of Defendant OFFICER THOMAS DEMKIW (Shield # 25767), Defendant SERGEANT JOHN ADORNO (Shield # 1330), and OFFICERS "JOHN DOE" #1 through #15, individually and in their official capacities, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

101. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY constituted a deliberate indifference to Plaintiff's constitutional rights.

102. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the direct and proximate cause of the constitutional violations suffered by Plaintiffs as alleged herein.

103. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the moving force behind the constitutional violation suffered by Plaintiffs as alleged herein.

104. All of the foregoing acts by Defendants deprived Plaintiffs Carlos Mota and Roberto Ramirez of federally protected rights, including, but not limited to, the right:

   a. Not to be deprived of liberty without due process of law;

   b. To be free from search, seizure, arrest, prosecution and imprisonment not based upon reasonable suspicion and probable cause;

   c. To be free from malicious prosecution

   d. To be free from infliction of emotional distress; and

   e. To receive equal protection under the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment and pray for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of THREE MILLION ($3,00,000.00) DOLLARS.

2. Punitive damages in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         April 8, 2014

Respectfully submitted,

Kim E. Richman
*Attorney for Plaintiffs*
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, New York  10001
Telephone: (212) 643-0500